UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

SHONDALE GAMBLE,

Plaintiff,

-against-

LIDER TRANSPORT LLC and VICTOR MARTINEZ-PROANO,

Defendants.

-------------------------------------------------------------------x

**ECF FILE**
Civ. 22-cv-3892

**NOTICE OF REMOVAL SIGNED PURSUANT TO RULE 11**

REMOVED FROM SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF KINGS
INDEX NO. 511593/2022

**NOTICE OF REMOVAL**

To the Honorable Judges of the United States District Court for the Eastern District of New York, the defendants, LIDER TRANSPORT LLC and VICTOR MARTINEZ-PROANO (collectively the "defendants" and each a "defendant"), by their attorneys, Lewis Johs Avallone Aviles, LLP, and, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, herein file their Notice of Removal of the above-captioned action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York, and state as follows:

1. LIDER TRANSPORT LLC and VICTOR MARTINEZ-PROANO, are defendants in a civil action brought by SHONDALE GAMBLE (hereinafter "plaintiff" or "Gamble") in the Supreme Court of the State of New York, County of Kings, under index number 511593/2022 ("State Court Action"). A copy of the plaintiff's Summons and Complaint in the State Court Action is annexed hereto as **Exhibit A**.

2. The Complaint within the State Court Action purports to assert that the plaintiff sustained personal injuries as a result of a motor vehicle accident involving the defendants which

occurred on the Verrazzano Bridge in Richmond County, New York on or about March 15, 2021.

**DIVERSITY JURISDICTION UNDER 28 U.S.C 1332(a)(1)**

3. Defendants, LIDER TRANSPORT LLC and VICTOR MARTINEZ-PROANO, file this Notice of Removal pursuant to 28 U.S.C. § 1441, et seq., to remove this action from the Supreme Court of the State of New York, County of Kings, to the United States District Court, Eastern District of New York. There is diversity of citizenship between plaintiff and the defendants and the amount in controversy exceeds $75,000. Therefore, this case is within the original jurisdiction of the Court pursuant to 28 U.S.C. § 1332(a)(1) and is removable pursuant to 28 U.S.C. § 1441(a).

4. According to the Summons and Complaint in the State Court Action, plaintiff SHONDALE GAMBLE, a natural person, was and still is a citizen and resident of the State of New York, residing at 724 Egan Street, Brooklyn, New York in Kings County. *See* Exhibit A.

5. At the time of the commencement of the State Court Action, and at all times since, defendant, LIDER TRANSPORT LLC, was and is a New Jersey domestic limited liability company, with its principal place of business at 292 Mountain Avenue in North Plainfield, New Jersey 07060, which is located in Somerset County.

6. The sole member of defendant LIDER TRANSPORT LLC is as follows:

a. Geovanny Sanchez, a natural person and citizen of the State of New Jersey, who resides at 292 Mountain Avenue in North Plainfield, New Jersey 07060, in the County of Somerset.

7. As such, defendant LIDER TRANSPORT LLC is a citizen of the State of New Jersey.

8. At the time of the commencement of the State Court Action, and at all times since, defendant VICTOR MARTINEZ-PROANO, a natural person, has been a citizen of the State of New Jersey, residing at 310 Rock Avenue, in Piscataway, New Jersey 08854, which is located in Middlesex County.

9. Defendants' counsel first received notice of the action in May 2022 shortly after defendant VICTOR MARTINEZ-PROANO was served with a copy of the Summons and Complaint in the State Court Action on or about May 3, 2022, and this office was immediately assigned by third-party administrator CCMSI to represent the interests of the defendants in the instant litigation. A copy of Plaintiff's Affidavit of Service of the Summons and Complaint on defendant VICTOR MARTINEZ-PROANO is annexed hereto as **Exhibit B**.

10. An Answer, together with various other discovery demands, was served by defendants LIDER TRANSPORT LLC and VICTOR MARTINEZ-PROANO upon the Plaintiff on May 20, 2022. A copy of the Answer and discovery demands is annexed hereto as **Exhibit C**.

11. The Complaint did not include an *ad damnum* clause alleging a specific amount of damages. *See* Exhibit A.

12. In light of the fact that the total amount of damages in plaintiff's Summons and Complaint was unspecified, removal at that time was premature. Accordingly, this office requested in writing on May 23, 2022 that plaintiff's counsel provide us with the total amount of alleged damages within 15 days pursuant to CPLR 3017(c) so that we could ensure that the amount in controversy exceeds the statutory sum of $75,000.00. A copy of our Request for a Supplemental Demand Pursuant to CPLR 3017(c) is annexed hereto as **Exhibit D.**

13. Plaintiff formally responded to our demand for the total amount of damages on June 6, 2022, alleging that the Plaintiff is claiming past, present, and future pain and suffering

damages in the amount of $2,000,000. A copy of Plaintiff's Response to Supplemental Demand Pursuant to CPLR §3017(c) is annexed hereto as **Exhibit E**. As such, the amount in controversy exceeds the required $75,000.00.

14. As noted above, here the Complaint provided no information as to the amount of damages sought by plaintiff and, as such, it is indisputable that defendants could not have removed upon the basis of the initial pleadings alone.

15. This action became removable on June 6, 2022 when the plaintiff served its Response to Supplemental Demand Pursuant to CPLR §3017(c) which specified that the amount of damages alleged exceeded $75,000. That is the moment at which defendants knew that the amount in controversy was sufficient to meet the jurisdictional requirement of 28 U.S.C. §1332. *See* Exhibit E.

16. When a Federal Court examines the propriety of a removal, it must evaluate the amount in controversy, like any jurisdictional fact, "on the basis of the pleadings, viewed at the time when defendant[s] files the notice of removal." *Blockbuster Inc. v. Galeno*, No. 05-8019-cv, 472 F.3d 57, 53 (2nd Cir. 2003). Further, Federal Courts have repeatedly denied motions to remove where the damages in the Complaint are unspecified, holding that a defendant should not guess about removability and risk remand by attempting to remove an action before the amount in controversy has been established. *Moltner v. Starbucks Coffee Co*., 2009 WL 510879 (S.D.N.Y. Feb 27, 2009) (NO. 08CIV.9257LAPAJP), citing *Quintana v. Werner Enters., Inc*., No. 09 Civ. 7771, 2009 WL 3756334 (S.D.N.Y. Nov. 2, 2009); *Gourgue v. Red Lobster Rest*., No. 07-3072, 2008 WL 822129 (E.D.N .Y. Mar. 26, 2008); *Pinson v. Knoll, Inc.,* No. 07 Civ. 1739, 2007 WL 1771554 (S.D.N.Y. June 18, 2007).

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

17. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1, copies of all pleadings in the State Court Action have been annexed hereto as Exhibits A, B, C, D, and E respectively.

18. Moreover, under 28 U.S.C. § 1446(b), this removal is timely. This Notice of Removal is being filed within thirty (30) days of Defendants' receipt of Plaintiff's Response to Defendants' Demand for Ad Damnum. As Plaintiff's initial pleading did not allege a demand for a specific amount of damages and removal at that time was premature, Plaintiff's Response to Defendants' Demand for Ad Damnum was the first paper from which defendants could sufficiently ascertain that the amount in controversy exceeded $75,000. Thus, the instant Notice is timely.

19. Pursuant to 28 U.S.C. §1446(d), written notice of filing of this Notice will be given promptly to all parties and the Clerk of the Supreme Court of the State of New York, County of Kings.

20. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Eastern District of New York is the federal judicial district embracing the New York State Supreme Court, Kings County where the State Court Action was originally filed.

21. Defendants LIDER TRANSPORT LLC and VICTOR MARTINEZ-PROANO intend no admissions of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.

**DEMAND FOR JURY TRIAL**

22. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the defendants

demand a trial by jury in this action of all issues so triable.

**WHEREFORE,** Defendants LIDER TRANSPORT LLC and VICTOR MARTINEZ-PROANO pray that the above action now pending against them in the Supreme Court of the State of New York, County of Kings, be removed to this Honorable Court.

Dated: Islandia, New York
July 1, 2022

LEWIS JOHS AVALLONE AVILES, LLP
*Attorneys for Defendants*
*LIDER TRANSPORT LLC and VICTOR MARTINEZ-PROANO*
1377 Motor Parkway, Suite 400
Islandia, New York 11749
631.755.0101

By:________________________________
Daniel W. McCally, Esq.
dwmccally@lewisjohs.com
LJAA File No. 0188.1019.0000

To: LAW OFFICE OF EVANS D. PRIESTON, PC.
*Attorneys for Plaintiff*
47-40 21st Street, 10th Floor, Suite C
Long Island City, New York 11101
718.424.2444